# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** United States Department of H.U.D.; Housing and Urban Development; County of Los Angeles; United States of America; Salvador Alvarez and Dora Alvarez, as trustees of the Alvarez Family Revocable Living Trust; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as trustee of ARLP Trust 3

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 09 2014

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):

Superior Court of the State of California - Central
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
(Número del): **BC 550967**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

Ronald K. Giller (SBN 142733)
HENNELLY & GROSSFELD LLP
4640 Admiralty Way, Suite 850
Marina del Rey, CA 90292
310-305-2100   310-305-2116

DATE: SHERRI R. CARTER   Clerk, by CRISTINA GRIJALVA , Deputy
(Fecha)   (Secretario)   (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]
JUL 09 2014

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): UNITED STATES OF AMERICA
   under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☒ other (specify): CCP 416.90 (a federal republic)
4. ☒ by personal delivery on (date): July 22 2014

Handwritten: SVD US Atty (PM) 7-22-14; 1:30pm
Ans Due: 8/21/14

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465
Page 1 of 1

**3**   **EXHIBIT A**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

BC 550967

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Michael Johnson | 56 | 514 |
| Hon. Terry A. Green | 14 | 300 | Hon Rolf M. Treu | 58 | 516 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Rita Miller | 16 | 306 | Hon. Mark Mooney | 68 | 617 |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Mary H. Strobel | 32 | 406 | | | |
| Hon. Michael P. Linfield | 34 | 408 | | | |
| Hon. Gregory Alarcon | 36 | 410 | **Hon. Emilie H. Elias** | **324** | **CCW** |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | | | |
| Hon. Frederick C. Shaller | 46 | 500 | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | |
| Hon. Deirdre Hill | 49 | 509 | | | |
| Hon. John L. Segal | 50 | 508 | | | |
| Hon. Mitchell L. Beckloff | 51 | 511 | *Provisionally Complex Non-Class Action Cases | | |
| Hon. Susan Bryant-Deason | 52 | 510 | Assignment is Pending Complex Determination | 324 | CCW |
| Hon. Steven J. Kleifield | 53 | 513 | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | |

*Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on ___ JUL 0 9 2014 ___ SHERRI R. CARTER, Executive Officer/Clerk
By _____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

LACIV CCH 190 (Rev05/14)
LASC Approved 05-06
For Optional Use

Page 1 of 2

4

**EXHIBIT A**

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

LACIV CCH 190 (Rev05/14)
LASC Approved 05-06
For Optional Use

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 2 of 2

5   EXHIBIT A

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 09 2014

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

1 PAUL T. MARTIN (Bar No. 155367)
  RONALD K. GILLER (Bar No. 142733)
2 HENNELLY & GROSSFELD LLP
  4640 Admiralty Way, Suite 850
3 Marina del Rey, California 90292
  Telephone: (310) 305-2100
4 Facsimile: (310) 305-2116
  Email: rgiller@hgla.com
5
  Attorneys for Plaintiff
6 Christiana Trust, a division of Wilmington
  Savings Fund Society, FSB, not in its individual
7 capacity but as trustee of ARLP Trust 3

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as trustee of ARLP Trust 3, <br><br> Plaintiff, <br><br> vs. <br><br> United States Department of Housing and Urban Development; County of Los Angeles; United States of America; Salvador Alvarez and Dora Alvarez, as trustees of the Alvarez Family Revocable Living Trust; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. **BC 550967** <br><br> **Complaint for Imposition and Foreclosure of Equitable Lien** |

{00192610}

Complaint for Imposition and Foreclosure of Equitable Lien

**EXHIBIT A**

Plaintiff Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as trustee of ARLP Trust 3, alleges:

## THE PARTIES

1. Plaintiff Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as trustee of ARLP Trust 3 ("Christiana"), is a trust.

2. Christiana is informed and believes, and based thereon alleges, that Defendant United States Department of Housing and Urban Development ("HUD") is a cabinet department in the executive branch of the United States federal government.

3. Defendant the County of Los Angeles ("County") is a county in the State of California.

4. Defendant the United States of America ("United States") is a federal republic consisting of 50 states and a federal district.

5. Christiana is informed and believes, and based thereon alleges, that Defendants Salvador Alvarez and Dora Alvarez (collectively, "Alvarez") are trustees of the Alvarez Family Revocable Living Trust (the "Alvarez Trust"), and married individuals residing in Los Angeles County, California.

6. The true names and capacities of the defendants sued herein as DOES 1 through 25, whether individual, corporate, partnership, association or otherwise, are unknown to Christiana at the present time and are therefore sued by fictitious names. When Christiana ascertains the true names and capacities of the DOE defendants, Christiana will, if necessary, seek leave of court to amend this Complaint to include their true names and capacities.

## GENERAL ALLEGATIONS

7. Christiana is informed and believes, and based thereon alleges, that Filemon Renteria, a married man as his sole and separate property, and Emilia Renteria, a single woman (collectively, "Renteria"), as joint tenants, acquired fee simple title to the real property commonly known as 500 East 61st Street, Los Angeles California 90003 (the "Property"), by a Grant Deed that was recorded in the Official Records of Los Angeles

1  County on September 21, 2005, as Document no. 05 2272155. The Property is designated
2  as Assessor's Parcel No. 6006-023-010, and legally described as:

3      Lot 14 in Block "A" of Strong and Dickinson's Ascot South Park Tract, in the City
4      of Los Angeles, County of Los Angeles, California, as per map recorded in Book 9,
5      Page(s) 1, of Maps in the Office of the County Recorder of said County.

6      8.     Christiana is informed and believes, and based thereon alleges, that when
7  Renteria acquired the Property by the above Grant Deed, Renteria used the Property as
8  security to obtain a $251,250 loan from Mandalay Mortgage, LLC (the "Mandalay Loan"),
9  which was secured by a deed of trust encumbering the Property (the "Mandalay Deed of
10 Trust"). The Mandalay Deed of Trust was recorded in the Official Records of Los Angeles
11 County on September 21, 2005, as Document no. 05 2272156.

12     9.     Christiana is informed and believes, and based thereon alleges, that the
13 County, as judgment creditor, recorded an Abstract of Judgment in the Official Records of
14 Los Angeles County on December 1, 2005, as Document no. 05 2940322 (the "First County
15 Abstract"). The First County Abstract identifies Dora Alvarez as the judgment debtor for a
16 $2,693.81 judgment that was entered on September 19, 2005, in Case No. VJ26353.

17     10.     Christiana is informed and believes, and based thereon alleges, that HUD, as
18 judgment creditor, recorded an Abstract of Judgment in the Official Records of Los
19 Angeles County on May 9, 2006, as Document no. 06 1023850 (the "HUD Abstract"). The
20 HUD Abstract identifies Salvador Alvarez as the judgment debtor for a $75,808.89
21 judgment that was entered on June 23, 2005, in OGC Case No. 04-3101-PF.

22     11.     Christiana is informed and believes, and based thereon alleges, that Salvador
23 Alvarez, an unmarried man, acquired fee simple title to the Property from Renteria by a
24 Grant Deed that was recorded in the Official Records of Los Angeles County on May 30,
25 2006, as Document no. 06 1178401. Christiana is informed and believes, and based thereon
26 alleges, that the description of the Property in the Grant Deed by which Salvador Alvarez
27 acquired the Property was corrected in a Grant Deed that was recorded in the Official
28 Records of Los Angeles County on August 3, 2007, as Document no. 20071837833.

{00192640}

3

Complaint for Imposition and Foreclosure of Equitable Lien

HENNELLY & GROSSFELD, LLP
4640 ADMIRALTY WAY, SUITE 850
MARINA DEL REY, CA 90292
(310) 305-2100

Christiana is informed and believes, and based thereon alleges, that Salvador Alvarez acquired title to the Property subject to the Mandalay Deed of Trust.

12. Christiana is informed and believes, and based thereon alleges, that Salvador Alvarez and Dora Alvarez, husband and wife as joint tenants, acquired fee simple title to the Property from Salvador Alvarez, an unmarried man, by a Grant Deed that was recorded in the Official Records of Los Angeles County on August 1, 2007, as Document no. 20071816717.

13. Christiana is informed and believes, and based thereon alleges, that when Alvarez acquired title to the Property, Alvarez used the Property as security to obtain a $345,000 loan from Countrywide Bank, FSB ("Countrywide"), which was intended to refinance the Mandalay Loan and a home equity line of credit that was secured by a deed of trust encumbering the Property. Christiana is informed and believes, and based thereon alleges, that the loan made by Countrywide is secured by a deed of trust encumbering the Property, which was recorded in the Official Records of Los Angeles County on August 1, 2007, as Document no. 20071816718.

14. Christiana is informed and believes, and based thereon alleges, that when Countrywide made the above loan to Alvarez, the parties intended that the deed of trust that secures the loan would be a first in priority deed of trust lien. To ensure that the deed of trust was a first trust deed lien, proceeds from the loan that Countrywide made to Alvarez in the amount of $256,033.58 were disbursed to pay off the Mandalay Loan, and proceeds in the amount of $61,110 were disbursed to pay off a home equity line of credit that was secured by a deed of trust encumbering the Property. Christiana is informed and believes, and based thereon alleges, that the Mandalay Deed of Trust was reconveyed by a Substitution of Trustee and Deed of Reconveyance that was recorded in the Official Records of Los Angeles County on August 20, 2007, as Document no. 20071941312.

15. Christiana is informed and believes, and based thereon alleges, that the Alvarez Trust acquired fee simple title to the Property from Alvarez by a Quitclaim Deed that was recorded in the Official Records of Los Angeles County on September 30, 2009, as

1  Document no. 20091488501.

2      16.    Christiana is informed and believes, and based thereon alleges, that the
3  United States, as judgment creditor, recorded an Abstract of Judgment in the Official
4  Records of Los Angeles County on January 10, 2011, as Document no. 20110050388 (the
5  "United States Abstract"). The United States Abstract identifies Salvador Alvarez as the
6  judgment debtor for a $75,808.89 judgment that was entered on November 22, 2006, in
7  United States District Court for the Central District of California Case No. CV 05-7903-
8  GPS (RZx).

9      17.    The loan that Countrywide made to Alvarez in or about August 2007 was
10 assigned to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing,
11 LP, as evidenced by an Assignment of Deed of Trust that was recorded in the Official
12 Records of Los Angeles County on April 20, 2011, as Document no. 20110572406. The
13 loan was subsequently assigned to Christiana as evidenced by an Assignment of Deed of
14 Trust that was recorded in the Official Records of Los Angeles County on February 5,
15 2014, as Document no. 20140126632. The loan that Countrywide made to Alvarez in or
16 about August 2007 is referred to in this Complaint as the "Christiana Loan" and the deed of
17 trust that secures the loan is referred to as the "Christiana Deed of Trust."

18     18.    Christiana is informed and believes, and based thereon alleges, that the
19 County, as judgment creditor, recorded an Abstract of Judgment in the Official Records of
20 Los Angeles County on May 11, 2012, as Document no. 20120712389 (the "Second
21 County Abstract"). The Second County Abstract identifies Dora Alicia Alvarez as the
22 judgment debtor for a $575 judgment that was entered on April 4, 2011, in Los Angeles
23 County Superior Court Case No. 1JB02585-01.

## CAUSE OF ACTION FOR
## IMPOSITION AND FORECLOSURE OF EQUITABLE LIEN
### (Against All Defendants)

27     19.    Christiana incorporates by reference paragraphs 1 through 18, inclusive of
28 this Complaint as though set forth fully herein.

{00192640}

5

Complaint for Imposition and Foreclosure of Equitable Lien

20. Proceeds from the Christiana Loan were used to pay off indebtedness of $256,033.58 that was owed under the Mandalay Loan, which was secured by the Mandalay Deed of Trust.

21. At the time of the payoff of the Mandalay Loan, Countrywide was not a volunteer; made the payment to protect and insure its first trust deed lien position; was not primarily liable for the debt paid; paid off the entire encumbrance; and subrogation would not work any injustice to the rights of a junior lienholder.

22. Christiana is informed and believes, and based thereon alleges, that at the time of the payoff of the Mandalay Loan, the lien for the Mandalay Loan was a valid and existing senior lien against the Property, which was senior in priority to any of Defendants' liens against the Property.

23. An actual controversy has arisen and now exists between Christiana and HUD, the County and DOES 1 through 15 in that Christiana contends, and HUD, the County (as to the First County Abstract) and DOES 1 through 15 deny, that in the event that the Christiana Deed of Trust is not a first in priority lien, Christiana is entitled to subrogation rights and an equitable lien against the Property in the amount of the pay off of the Mandalay Loan, with interest from the date of the payoff, and to foreclose the equitable lien in the manner prescribed by law.

24. The United States, the County (as to the Second Abstract) and DOES 16 through 25 acquired any lien rights in the Property after the Christiana Deed of Trust was recorded and therefore such lien rights are junior to the lien based on the Christiana Deed of Trust. The United States, the County (as to the Second Abstract) and DOES 16 through 25 are named as defendants: (1) to the extent that they dispute Christiana's entitlement to an equitable subrogation lien or the right to foreclose the equitable lien in the manner prescribed by law, and (2) to foreclose their lien rights by foreclosure of any equitable lien that is awarded in this action.

25. Christiana desires a judicial determination of its subrogation rights in and an equitable lien against the Property.

26. Such a declaration is necessary and appropriate to avoid a multiplicity of actions and so that the parties may determine their respective rights and interests in the Property.

Wherefore, Christiana prays for judgment as follows:

1. For a judicial declaration establishing Christiana's subrogation rights and an equitable lien in the amount of the payoff of the Mandalay Loan, with interest, and imposition and foreclosure of the equitable lien against the Property as provided by law;

2. For costs of suit; and

3. For such other relief as the Court deems just and proper.

Dated: July 9, 2014

HENNELLY & GROSSFELD LLP

By: _Ronald K. Giller_
Ronald K. Giller
Attorneys for Plaintiff Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as trustee of ARLP Trust 3

7
Complaint for Imposition and Foreclosure of Equitable Lien

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| STIPULATION – DISCOVERY RESOLUTION | | CASE NUMBER: |

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE | CASE NUMBER: |
|---|---|
|  |  |

       iii.    Be filed within two (2) court days of receipt of the Request; and

       iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR PLAINTIFF)

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ➤  _____
(TYPE OR PRINT NAME)              (ATTORNEY FOR DEFENDANT)

Date: _____

_____  ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____  ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____  ➤  (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 3 of 3

16 EXHIBIT A

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, to discuss and consider whether there can be agreement on the following:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev)
LASC Approved 04/11      **STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR PLAINTIFF)

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR DEFENDANT)

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR_____)

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR_____)

_____  ▶ _____
(TYPE OR PRINT NAME)                  (ATTORNEY FOR_____)

LACIV 229 (Rev)
LASC Approved 04/11    **STIPULATION – EARLY ORGANIZATIONAL MEETING**    Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

---

LACIV 094 (new)      **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11
For Optional Use      (pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER